**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **EMERGIS TECHNOLOGIES, INC.,** f/k/a<br>**BCE EMERGIS TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4069-JAR |
| | ) | |
| **MIDWEST ENERGY, INC.,** | ) | |
| **CABLE ONE, INC.,** and | ) | |
| **NUVOX COMMUNICATIONS OF** | ) | |
| **KANSAS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, Plaintiff Emergis Technologies, Inc. ("Emergis") and Defendant Cable One, Inc. ("Cable One") that each possesses information relating to this matter that is confidential, including information about Emergis' agreements regarding the patent-in-suit and valuation of that patent, and Cable One's financial information and information regarding its operating systems;

**WHEREAS**, the parties recognize that, in the course of discovery in this lawsuit, it may be necessary to disclose such confidential matter to the other party, but each of them desires to ensure that such confidential matter shall not be used for any purpose other than this action, and shall not be made public or otherwise disseminated, except to the extent necessary for purposes of this action;

**WHEREAS**, the parties, by and through their respective counsel of record, have stipulated to entry of this Protective Order to prevent unnecessary disclosure or dissemination of their confidential information;

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED**, by and among counsel for the parties, Emergis and Cable One, and Ordered by the Court, as follows:

1.     This Protective Order shall apply to all information, documents, and things that are produced or provided to the other party in this action that are in the possession or custody of, or are owned or controlled by Emergis, Cable One, or third parties, including but not limited to documents and things responsive to requests for production of documents and things under Federal Rule of Civil Procedure 34

- 1 -

(including business records produced pursuant to Federal Rule of Civil Procedure 33(d)); answers to interrogatories under Federal Rule of Civil Procedure 33; responses to requests for admission under Federal Rule of Civil Procedure 36; testimony provided at deposition pursuant to Federal Rule of Civil Procedure 30 or 31; testimony provided at any trial or hearing in this action; and documents and things responsive to, and testimony provided pursuant to any subpoena issued in this action under Federal Rule of Civil Procedure 45.

2.      "Confidential Material" shall mean and refer to all information and material subject to this Protective Order that constitutes or contains a trade secret or other confidential information, including, but not limited to research, development, or commercial information, non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same.

3.      Any documents or things that a designating party wishes to be made Confidential Material subject to this Protective Order shall be marked or labeled as "CONFIDENTIAL INFORMATION" at the time that it is produced or disclosed to the receiving party.  Any copy made of such Confidential Material, or any document or thing created (*e.g.*, any abstract, summary, memorandum, or exhibit) by the receiving party containing Confidential Material of the designating party shall likewise be marked or labeled as "CONFIDENTIAL INFORMATION."

4.      Any response to written interrogatories or requests for admissions that contains or constitutes Confidential Material shall be labeled or marked by the designating party as "CONFIDENTIAL INFORMATION".  Any document or thing created (*e.g.*, any abstract, summary, memorandum, or exhibit) by a receiving party containing such Confidential Material of the designating party subject to this Protective Order shall likewise be marked or labeled as "CONFIDENTIAL INFORMATION."

5.      Whenever a deposition involves the disclosure of Confidential Material, the following procedure shall be implemented:

(a)     At the request of the designating party, the reporter shall mark those pages including Confidential Material.  Such request shall be made on the record whenever possible, but any party may designate portions of the transcripts of depositions as containing Confidential Material after transcription, as in the case of any other document or thing, provided that written notice of such designation is given to all other parties within twenty (20) days of receipt of the official transcript.   Confidential transcript portions shall be segregated in separately bound transcripts.  The parties shall not disseminate any deposition transcript or copy thereof beyond the persons identified in Paragraph 8 of this Protective Order for a period of twenty-five (25) days after receipt of the official transcript in order to provide sufficient time for notice of designation(s) of Confidential Material.  Notwithstanding the foregoing, deposition transcripts or portions thereof may, at any time, be filed under seal with the Court and used in accordance with Paragraph 6 of this Protective Order.

(b)     The cover of any deposition transcript portion that contains Confidential Material shall be prominently marked or labeled as "CONFIDENTIAL INFORMATION."

6.      If Confidential Material is included with or in any way disclosed in any pleading, motion, memorandum, exhibit, deposition transcript, or other paper filed with or submitted to the Court, the party seeking to file such Confidential Material shall file a motion with the Court seeking leave to file Confidential Material under seal.  The other party shall not oppose any such motion unless it will file within ten (10) days a motion to remove the confidential designation for the Confidential Material sought to be filed.  Only after the Court grants leave to do so, Confidential Material and related documents shall be filed in sealed envelopes prominently marked with the caption of this case, the identity of the party filing or submitting such document(s) and material(s), and the notation:  "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER; THIS ENVELOPE IS NOT TO BE OPENED, NOR ITS CONTENTS DISPLAYED, COPIED, OR REVEALED, OTHER THAN TO COURT PERSONNEL, EXCEPT BY COURT ORDER OR AGREEMENT OF ALL THE PARTIES."

7.     Confidential Material shall be maintained in confidence by those who receive it pursuant to the Protective Order according to the terms of this Protective Order, may be disclosed by such recipients only as provided in Paragraphs 8 and 9, and shall be used by such recipients only in connection with the preparation, trial, and appeal of this action.

8.     Confidential Material may be disclosed to:  (a) any employee of the designating party; (b) any former employee of the designating party who appears as an addressee or other recipient of the Confidential Material; (c) any person or entity who authored the Confidential Material or received the Confidential Material prior to its production or disclosure in this action; (d) the Court, its personnel, and the jury in this action; (e) counsel for the parties, including their necessary support personnel; (f) persons or entities providing photocopying, imaging, or database services in connection with this action for the limited purpose of providing services in connection with this matter; (g) court reporters and videographers engaged for depositions, inspections, and other proceedings in this action for the limited purpose of providing services in connection with this matter; (h) persons or entities engaged by a party or counsel for a party to provide jury or trial consulting services, provided that, prior to receiving Confidential Materials, such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order; (i) mock jurors or focus group members, provided that, prior to receiving Confidential Materials, such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Protective Order; and (i) persons or entities engaged by a party or counsel for a party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving Confidential Materials, such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order.

9.     In addition to those persons identified in Paragraph 8, and subject to the following conditions, Confidential Material may be disclosed to experts and other non-party consultants assisting counsel with preparation, trial, or appeal of this action:

(a)     Before any disclosure of Confidential Material of another party is made to any

- 4 -

expert or non-party consultant pursuant to this provision of the Protective Order, such expert or non-party consultant shall be furnished with a copy of this Protective Order and shall execute a written statement, under oath, in the form attached hereto as EXHIBIT A, acknowledging that the expert or non-party consultant is familiar with the provisions of this Protective Order and agrees to be bound by them.  Each such statement shall be retained by counsel for the party engaging the expert or non-party consultant for ninety (90) days after entry of final judgment or the exhaustion of all appeals in this action, whichever is later.

(b)     Before any disclosure of Confidential Material of another party is made to any expert or non-party consultant pursuant to this provision of the Protective Order, counsel shall forward to the designating party a copy of the executed statement for each expert or non-party consultant, as well as a copy of the expert or non-party consultant's current *curriculum vitae* and a list of all of the expert's or non-party consultant's litigation-related engagements for the preceding four (4) year period, including the caption and jurisdiction for each case.

(c)     No Confidential Material may be provided or disclosed to an expert or non-party consultant pursuant to this provision of the Protective Order until after the expiration of a five (5) business day period commencing with receipt by counsel for the designating party of the material set forth in Paragraph 9(b); provided that if, during the five (5) day period, the designating party issues a written objection to the expert or non-party consultant, there shall be no disclosure of Confidential Material to the expert or non-party consultant, except by subsequent agreement of the parties, or by order of the Court.

10.     The restrictions and limitations set forth in this Protective Order shall not apply to any of the following:

(a)     any information or material that is available to the public at the time of the production or disclosure by the designating party;

(b)     any information or material that, after disclosure, becomes available to the public

- 5 -

through no act, or failure to act, by or on behalf of the receiving party, or anyone who obtained the Confidential Material from the receiving party;

(c)     any information or material that the receiving party or the person who obtained the Confidential Material from the receiving party can demonstrate:  (i) was already known to the receiving party or such person from legitimate sources; (ii) was independently developed or derived by the receiving party or such person; (iii) was obtained from the producing party without having been designated as Confidential Material subject to this Protective Order; or (iv) was produced by a party in this action, or by a third party, without being designated as Confidential Material, provided the party or third party so producing such information or material had the right to do so.

11.     In the event of any dispute with respect to the designation of information, including testimony and documents, as Confidential Material, the parties shall attempt to resolve the dispute by good faith negotiation.  If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order.  The information shall be treated as Confidential Material until the issue is resolved by the court or by agreement of the parties.

12.     No party shall be obligated to challenge a designation of information as Confidential Material, and a failure to do so shall not preclude a subsequent challenge to such designation.  The burden of proof with respect to a designation of Confidential Material shall rest on the designating party, except that the burden of proving any exception set forth in Paragraph 10 of this Protective Order shall rest on the party asserting the exception.

13.     Inadvertent disclosure of Confidential Material:

(a)     If a party inadvertently produces or discloses any document or thing, or provides discovery responses or testimony, containing information that it deems Confidential Material without designating it as Confidential Information, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party shall thereafter treat the information as Confidential Material under this Order.  To the extent

such information may have been disclosed to persons other than persons authorized to receive Confidential Material in this Protective Order, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b)     If a producing party inadvertently discloses to a receiving party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information, and all copies thereof, be returned, and no party to this action shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of: (i) discovery by the receiving party of its inadvertent production; or (ii) receipt of a written request for the return of such item or items of information. The party returning such inadvertently produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure, but in so doing may not assert that the inadvertent production by the producing party waived any claim of attorney-client privilege, attorney work product, or other immunity.

14.     Within ninety (90) days following either the entry of final judgment in this action, or the exhaustion of all appeals in this action, whichever is later, or a final settlement of this action and dismissal of same, each party shall return or destroy all documents designated by any other party as Confidential Material, and all copies thereof, and shall destroy all documents and things containing information based on Confidential Material, except that counsel for each party may retain one copy of each document and thing designated by any other party as Confidential Material, and one copy of each document and thing containing information based on Confidential Material, for record purposes only. The restrictions imposed by this Protective Order may be modified only by written stipulation of the parties or by order of the Court.

This Order shall survive the termination of this action.

15.    Discovery of non-parties to this action may involve receipt of information, documents, objects or testimony that constitute or contain Confidential Material of the non-party or of a party to this action.  A non-party producing such materials in this case may designate as Confidential Material some or all of the materials it produces in the same manner as provided for in this Protective Order with respect to the production of Confidential Material by a party to this action.  Non-party materials designated as Confidential Material by the producing non-party, or by a party to this action, shall be governed by the terms of this Protective Order.

16.    During the course of this action, a party may be requested to produce documents, information or things in its possession, custody or control subject to contractual or other obligations of confidentiality owed to a non-party.  The party subject to this contractual or other obligation of confidentiality shall contact the non-party to determine whether such non-party is willing to allow the materials to be produced in accordance with the terms of this Protective Order.  If the non-party is willing to allow the materials to be produced in accordance with the terms of this Protective Order, then the party receiving the request to produce the materials shall designate such materials as Confidential Material, and shall not refuse to produce the materials on the grounds that they are subject to an obligation of confidentiality owed to a non-party.  If the non-party is unwilling to allow the materials to be produced in accordance with the terms of this Protective Order, then any documents, information or things withheld on the basis of the contractual or other confidentiality obligation shall be identified on an index describing such withheld items and the party receiving the request to produce the materials shall, within twenty (20) days after the production of materials was due, file a motion for an appropriate order from the Court regarding the discovery of such materials unless the non-party has filed a motion regarding this issue within the same time period.

17.    If any party or person subject to this Protective Order and having possession, custody, or control of any Confidential Material of the other party receives from a non-party a subpoena or other

process to produce such information, such information shall not be produced without prior written consent from the designating party, or unless and until ordered to do so by a court of competent jurisdiction. In addition:

(a)     The party or person receiving the subpoena or other process shall promptly notify, by overnight mail or facsimile, counsel of record for the designating party of the demand for production of the information, and simultaneously shall provide a copy of the subpoena or other process;

(b)     The party or person receiving the subpoena or other process shall make an appropriate objection to production of the Confidential Material on grounds that production is precluded by this Protective Order; and

(c)     At its sole discretion and expense, the designating party may move against the subpoena or other process, or may otherwise oppose entry of an order by a court of competent jurisdiction compelling production of such Confidential Material. If the designating party fails to move against the subpoena or other process within ten (10) business days after receiving notice of the subpoena or other process in accordance with Paragraph 17(a) of this Protective Order, then the party or person receiving the subpoena or other process may produce the information without violating this Protective Order.

18.     Unless otherwise agreed to in writing by the parties or ordered by the court, all proceedings by a receiving party involving or relating to any Confidential Material it has received hereunder shall be subject to the provisions of this Protective Order. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery materials, or relief from this Protective Order with respect to particular materials designated hereunder.

19.     This Protective Order shall not be construed to prevent any party or third party from applying to the Court for relief therefrom, from applying to the Court for further or additional protective

- 9 -

orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

20.     This Protective Order shall not bar any attorney herein in the course of rendering advice to a client with respect to this action from conveying to the client his or her evaluation, in a general way, of Confidential Material produced or exchanged herein.    In rendering such advice, and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Confidential Material produced by another party or non-party, unless such disclosure of the specific contents of the Confidential Information is authorized under the terms of this Protective Order.

21.     Each of the parties to this action, and its counsel of record and other legal representatives, agrees to abide by and be bound by the provisions of this Protective Order, and to use due care to see that its provisions are known by, and adhered to, by its support staff and others under its supervision or control.

22.     The Court retains the right to modify this Protective Order at any time in the interest of justice.

**AGREED:**


Plaintiff Emergis Technologies, Inc.                    Defendant Cable One, Inc.


s/ Arthur E. Palmer
Arthur E. Palmer                                        W. Dennis Cross
GOODELL, STRATTON,                                      STINSON MORRISON HECKER LLP
    EDMONDS & PALMER, L.L.P.                 1201 Walnut, Suite 2900
515 South Kansas Avenue                                 Kansas City, Missouri  64106-2150
Topeka, Kansas  66603-3999                              Telephone:  (816) 842-8600
Telephone: (785) 233-0593                               Facsimile:  (816) 691-3495
Facsimile: (785) 233-8870


and                                                     and


s/ Joseph J. Jacobi                                     s/ Mitchell D. Lukin
David K. Callahan                                       Mitchell D. Lukin
Joseph J. Jacobi                                        BAKER BOTTS L.L.P.
Alison R. Aubry                                         910 Louisiana
KIRKLAND & ELLIS LLP                                        Houston, Texas  77001-4995
200 East Randolph Drive                                 Telephone:  (713) 229-1733
Chicago, Illinois  60601                                Facsimile:  (713) 229-7733
Telephone:  (312) 861-2000                              Counsel for Defendant
Facsimile:  (312) 861-2200                              Cable One, Inc.
Counsel for Plaintiff
Emergis Technologies, Inc.


**IT IS SO ORDERED** this 9th day of May, 2006.


                             s/K. Gary Sebelius
                             The Honorable K. Gary Sebelius
                             United States Magistrate Judge

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EMERGIS TECHNOLOGIES, INC., f/k/a | ) | |
| BCE EMERGIS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4069-JAR |
| | ) | |
| MIDWEST ENERGY, INC., | ) | |
| CABLE ONE, INC., and | ) | |
| NUVOX COMMUNICATIONS | ) | |
| OF KANSAS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT TO PROTECT CONFIDENTIAL MATERIAL
STATEMENT OF [INSERT NAME]**


[INSERT NAME], being duly sworn, deposes and states:

1.       I have been requested by counsel for [INSERT PARTY NAME] to assist counsel with certain matters in connection with this action, and have been informed that this may require that I review documents and information that have been designated as Confidential Material subject to protection under the terms of the Protective Order entered by the Court in this action.

2.       I have read and understand the Protective Order entered by the Court in this action on [INSERT DATE], 2006, and I agree to abide by the terms of that Order.  I agree that I will not disclose any documents or information designated as Confidential Material in violation of the terms of the Protective Order, and will not use any such Confidential Material except in connection with my work in the above-captioned action.

3.       I agree to submit to the jurisdiction of the United States District Court for the District of Kansas for enforcement of the undertakings I have made here, and I appoint [INSERT COUNSEL OF RECORD] as my agent to accept service of process in that regard.

_____
[INSERT NAME]

State of [INSERT]              )
                              )  ss.
County of [INSERT]            )

Subscribed and sworn before me this _____ day of _____, 2006.


_____
                                    Notary Public

My commission expires:

**Exhibit B**

### AGREEMENT TO PROTECT
### CONFIDENTIAL MATERIAL

1.      This Agreement is made between _____

(COUNSEL or CONSULTANT) and _____ (NAME), residing

at _____ (ADDRESS).

2.      I understand that, in connection with the research project I am participating in today, I may

receive information that is confidential, and that I may not share or disclose that information with anyone

(including members of my family) outside the research group I am participating in today.

3.      I agree not to disclose any information I learn here today to anyone outside the research

group I am participating in today, or to use such information in any way outside the research group I am

participating in today.

4.      I agree that, at the end of the research project I am participating in today, I will not keep

or take with me any documents or other materials shown to me, or any noted or other records I may make

of the documents or other materials shown to me today.

Signed: _____

Date: _____